PATRICK H. BLAKE, Respondent, v. THE ST. JOSEPH & GRAND ISLAND RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. **MASTER AND SERVANT: Negligence: Railroads: Sufficiency of Evidence.** Plaintiff, a brakeman in defendant's employ, claimed to have been injured by the door of a freight car falling on him while he was opening it. His evidence was that there should have been a strip at the top of the door to keep the hooks supporting the door from jumping off the rail on which they moved when the door was pushed open, but that this strip, by process of decay, had pulled off and was missing. Defendant's evidence was that the door which plaintiff claimed fell on him was of a kind which did not require a strip, and never had one, and that the accident could not have happened as plaintiff claimed. There being no physical impossibility in plaintiff's evidence, and no conclusive proof of the truth of defendant's evidence, the case was one for the jury.

2. PLEADING: Plaintiff Limited to Allegations of Petition. A plaintiff is held to the specification of negligence in his petition, and cannot recover on any other hypothesis.

,3. MASTER AND SERVANT: Negligence: Railroads. The master must exercise reasonable care to provide his servant with a reasonably safe place to work. The failure of a railroad company to make reasonable inspections of its cars is negligence.

4. TRIAL PRACTICE: Jury: Credibility of Evidence: Master and Servant: Negligence. A jury is not bound to believe the testimony of defendant that a car was inspected, or that the inspection was sufficient.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick*, Judge.

AFFIRMED.

*Brown & Eastin* for appellant.

*Mytton & Parkinson* for respondent.

JOHNSON, J.—Plaintiff, a brakeman in the service of defendant, was injured while in the discharge of the duties of his employment and claims in his petition that his injuries were caused by negligence of defendant. The defenses interposed in the answer are a general traverse and pleas of assumed risk and contributory negligence. The cause is here on the appeal of defendant from a judgment of five hundred dollars, recovered by plaintiff and the sole contention of counsel for defendant is that the cause of action pleaded in the petition finds no substantial support in the evidence.

Plaintiff was injured during the night of January 1, 1907, at the station of Nassau on defendant's line between St. Joseph and Kansas City. The freight train on which he was a brakeman had stopped at this station and, for purposes connected with the stop, it became necessary for plaintiff to open the door on the east side of one of the freight cars loaded with

merchandise. This car, numbered 190, owned by defendant, was a box car that had been in service a long time. Its side doors, of the usual type, were suspended by iron hooks from a horizontal iron rail affixed to the side of the car just under the roof. The bottom of the door was set in a groove and the door was opened and closed by sliding it back and forth along the carrier rail. This rail was set far enough from the side of the car to admit the free ends of the door hooks and to permit of their passage along the rail and the ends of the hooks overlapped the top of the rail on the inside a space of a half inch or more. The space between the bottom of the rail and the top of the door was intended to be a little less than a half inch to prevent the ends of the hooks from jumping over the rail when the door was being opened or closed. The boards of the car door were placed vertically, as were those of the body of the car, and it is the contention of plaintiff that the top end of the boards of the door in controversy had been capped with a horizontal wooden strip the top line of which was less than half an inch below the carrier rail and that as long as this strip remained in place it was impossible for the hooks to jump the rail while the door was being opened or closed. Plaintiff's injury was occasioned by the hooks jumping the rail, while he was opening the door and thereby causing the door to fall upon him. Immediately after the mishap plaintiff examined the door and found the wooden strip missing. The tops of the vertical boards were decayed and showed that the nails used to hold the strip in position had pulled out. The absence of the strip had widened the distance between the top of the door and the carrier rail so that it exceeded the space the hooks overlapped the rail, with the result that the force exerted by plaintiff in attempting to slide the door raised the ends of the hooks above the top of the carrier rail and caused the top of the door to fall outwardly from the car. The facts we have

stated are collected from evidence of plaintiff and the cause of action pleaded in the petition is founded on the alleged negligence of defendant in using a car door that had become defective on account of the loss of the top strip.

Counsel for defendant are right in their insistence that plaintiff must be held to his specification of negligence and that in this action he can recover on no other hypothesis than that of his petition, but we do not agree with counsel in their contention that the evidence, taken as a whole, does not support the petition. · Standing alone, the evidence of plaintiff is substantial and in accord with physical laws. ˙ It shows that the door in controversy had been constructed with a strip at the top; that the door had been kept in use after the strip had rotted off and that had the strip been replaced the hooks could not have jumped their track. It was the duty of defendant to exercise reasonable care to provide plaintiff, its servant, with a reasonably safe car door, and the acceptance of plaintiff's evidence would compel the inference that defendant negligently had failed to perform that duty.

But the chief argument of counsel for defendant, in substance, is that the existence of facts contradictory of plaintiff's theory of his injury was so indisputably established that the evidence of plaintiff in support of his theory should be rejected as wholly devoid of probative value. We fail to find any reasonable ground for giving such conclusive effect to the evidence adduced by defendant. Indeed, there is much in defendant's evidence from which conclusions favorable to plaintiff's version reasonably may be drawn. Defendant denies that the car door in question ever had a strip and contends that the top ends of the vertical planks were left uncovered. The evidence, however, further shows that car doors are interchangeable, that some types of doors are stripped at the top and some are not and that after the very car in question was

returned to the yards at St. Joseph and was photographed there by defendant it had a stripped door on one side and an unstripped door on the other. The photograph showed the side of the car equipped with the stripless door but plaintiff denied that that was the door which injured him. It was possible, since the car might have been turned around in terminal yards at Kansas City, that the wrong side of the car was photographed and, further, on account of the ease with which car doors may be exchanged, it was possible that a change of doors may have been made before the photographs were taken. With all such possibilities in view, we should not be justified in holding, as a matter of law, that the door in question was of the stripless type. The evidence offered room for an honest and reasonable difference of opinion about that fact and it was for the jury to determine whether plaintiff or defendant's witnesses correctly described the door.

Defendant lays much stress on its evidence that the car was inspected at St. Joseph before and after the injury and at Kansas City shortly after the injury. The inspectors found the car in bad order in some respects and so reported to defendant but their reports made no mention of a defective door. The failure of defendant to provide for the inspection of cars at reasonable intervals would constitute a breach of its duty toward its servants to exercise reasonable care for their safety and the negligent failure of its inspetors to do their work properly would be negligence for which defendant should be held liable. The jury were not bound to believe that the car was inspected on the occasions claimed by defendant, nor, if it was inspected, that the inspectors who examined it observed reasonable care in looking for defective doors. It is possible, as one of the inspectors stated on cross-examination, that the top of the car door was overlooked in the examination actually made. The most that can be said of the evidence of defendant on this

branch of the case is that it contradicted the evidence of plaintiff and as defensive evidence was entitled to go to the jury for their consideration.

The trial court committed no error in overruling the demurrer to the evidence nor in refusing to grant defendant a new trial. The judgment is affirmed. All concur.